United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

No. 97-2908
_____

Peggy Kimzey,                             *
                                          *
        Plaintiff - Appellee,         *    Appeal from the United States
                                          *    District Court for the
    v.                                *    Western District of Missouri
                                          *
Wal-Mart Stores, Inc.,                    *    [UNPUBLISHED]
                                          *
        Defendant - Appellant.        *
                                          *

_____

Submitted: September 2, 1997
Filed: September 16, 1997
_____

Before Fagg, Heaney, and Murphy, Circuit Judges.
_____

PER CURIAM.

In this appeal Wal-Mart Stores, Inc. objects to a recent award of attorney fees and interest by the district court. After a jury verdict in June of 1995 in Peggy Kimzey's favor on her discrimination claims, she was awarded attorney fees, costs, and interest in the amount of $84,525.22. In making that award the district court rejected her request for a 20 percent enhancement in the lodestar figure. Judgment was entered on the award on December 8, 1995, and Kimzey took no appeal from it. After the appeal on the liability issues was resolved earlier this year, Kimzey filed a motion in

the district court to "clarify" its fees award. The district court then issued an order enhancing the lodestar used in the original fee award by 20 percent and granting postjudgment interest on that award from the date of the jury verdict on liability, June 29, 1995. Wal-Mart appealed, arguing that the enhancement is too late and that interest should run from the date of the judgment, rather than the verdict.

After carefully considering the arguments presented by the parties, we conclude that the court erred in attempting at this late date to increase the fees for the same work that was the subject of the original award and that the postjudgment interest on the fees award should be calculated from the date judgment was entered, which was December 8, 1995. See 28 U.S.C. § 1961(a); Jenkins by Agyei v. State of Missouri, 931 F.2d 1273, 1277 (8th Cir. 1991). Since Kimzey has not prevailed on this appeal, her request for fees and costs is denied. Accordingly, the 20 percent enhancement of the attorney fees in the trial court is reversed, and the matter is remanded for recalculation of the postjudgment interest from the date of the entry of judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT